LOUISE STROBERT v. WILLIAM A. PIMM.

LOUISE STROBERT, ADMINISTRATRIX, v. WILLIAM A. PIMM.

Decided October 20, 1924.

Negligence—Automobile Accident—Pedestrians on Sidewalk Injured by Vehicle Avoiding Collision With Another Vehicle in Street—Driver Did Not See Pedestrians—Both Drivers Guilty of Negligence—Due Care Does Not Exist Where Driver, to Avoid Collision, Runs Upon Sidewalk Without Regard to People Lawfully There.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Edwards & Smith.*

Contra, *John H. Sheridan.*

PER CURIAM.

These two cases were tried together. They both grow out of a single accident, in which the plaintiff in the first case was injured and the decedent of the plaintiff in the second case lost her life. The accident occurred at the corner of John street and Summit avenue, in Jersey City, about half-past nine o'clock in the evening of May 5th, 1923. The defendant was driving a Hupmobile coupe easterly on John street, and as he came to the intersection of that street with Summit avenue, according to his story, he suddenly saw another car, a Ford delivery truck, approaching on Summit avenue, and traveling north. When he observed this delivery truck it was so close to him that a collision seemed imminent, and to avoid that happening the defendant swung his car to the left and ran up onto the sidewalk, and struck down and injured Louise Strobert and killed her mother, who was in her company. The two Stroberts had crossed the street and were on the sidewalk at the time they were run down by the defendant's car.

The jury found a verdict in favor of the plaintiff in each case, and we are asked to set the verdict aside, first, because there was no evidence speaking negligence on the part of the defendant, and, second, because the weight of the evidence did not support a conclusion of negligence on his part. Our examination of the testimony leads us to the conclusion that the defendant, as well as the driver of the Ford delivery car, was negligent. Normally, the latter had the right of way. The speed at which he was traveling was in dispute; but the jury was justified in finding that, if the defendant had used due care in approaching the crossing, even if it be true that the Ford delivery car was traveling at an excessive rate of speed, he could readily have avoided a collision without running up onto the sidewalk in endeavoring to do so. His story that he did not see the Ford car until it was just about to collide with him, although it must have been in plain sight as he approached the intersection of the two streets, and that he did not see either Miss Strobert or her mother until he had actually run them down, fully justifies the conclusion that he

was guilty of reckless driving, as the jury evidently found. The idea that the driver of an automobile, who, for the purpose of avoiding a collision with another vehicle, runs blindly up onto the sidewalk, without regard to the danger that threatens people lawfully there, is in the exercise of due care, is a proposition which has not yet met with the approval of the courts, so far as we know, and, in our judgment, is not likely to do so in the future.

The rules to show cause will be discharged.